IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KRISTEN LEIGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:11cv0080-WKW |
| | ) | |
| COVAN WORLD WIDE MOVING, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendants' Motion to Dismiss the Individual Defendants (Doc. #16). Defendants seek dismissal of all individually named Defendants in this employment discrimination matter because Title VII of the Civil Rights Act of 1964 does not provide for individual liability.

As a preliminary matter, it is not entirely clear that Plaintiff intended to bring suit against any individual defendant. The style of Plaintiff's Complaint (Doc. #1) names only one Defendant, her former employer, Covan World Wide Moving. However, in the section of the form EEOC Complaint where Plaintiff is asked to provide the "name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of employment with defendant company," Plaintiff has listed Sherri Alley, Robin Tice, and Kristen Baker. Complaint (Doc. #1) at 2.

The Court of Appeals for the Eleventh Circuit has repeatedly held that Title VII limits liability to employers, including in the private sector. *See, e.g., Dearth v. Collins*, 441 F.3d

931, 933 (11th Cir. 2006) (holding "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company") (emphasis in original). Plaintiff expressly brings her suit pursuant to Title VII and, consequently, cannot sustain her employment discrimination action against any individually named defendants.

The Court here recognizes that, as Plaintiff was using a form "EEOC Complaint" and she named only her employer as a defendant in the caption of the complaint, and she only provided the names of certain individuals when prompted to do so by the form complaint, it is most plausible that Plaintiff did not intend for any individuals to be construed as defendants in her action. However, to the extent Plaintiff did intend for the individuals she names in her Complaint to be joined as defendants in this action, such individuals are shielded from liability by Title VII. Accordingly, the undersigned Magistrate Judge RECOMMENDS as follows:

    a.    that Defendants' Motion to Dismiss the Individual Defendants (Doc. #16) be GRANTED;

    b.    that Sherri Alley, Robin Tice, and Kristen Baker be DISMISSED as defendants in this suit; and

    c.    that this matter, with respect to the remaining Defendant, be REFERRED back to the undersigned Magistrate Judge for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **March 18, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 4th day of March, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE